UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LORETTA McHENRY, *pro se*,

                    Plaintiff,                    **MEMORANDUM AND ORDER**

   -against-                                        07cv5242 (DLI)(LB)

THE HONORABLE DAVID G. TRAGER,

                    Defendant.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* plaintiff Loretta McHenry brought an action against the Honorable David G. Trager, United States District Judge for the Eastern District of New York, in Kings County Supreme Court. Defendant properly removed the action to this court on December 17, 2007. For the reasons set forth below, the complaint is dismissed in its entirety.

**BACKGROUND**

Plaintiff is an attorney admitted to practice in the State of New York. She brought this *pro se* action in state court against Judge Trager alleging a state law cause of action for libel *per se* related to his issuance of an order granting summary judgment to defendants in an employment discrimination lawsuit she filed against her former employers. See McHenry v. One Beacon Insurance Co, et al, Docket No. 03-CV-4916, 2005 WL 2077275 (E.D.N.Y. August 29, 2005), aff'd 216 Fed. Appx. 40, 2007 WL 419284 (2d Cir. Feb. 1, 2007). Plaintiff seeks $10 million in damages.

On December 17, 2007, the case was removed to this court pursuant to 28 U.S.C. § 1442(a)(3), which permits removal to a district court of the United States by a defendant who is an "officer of the courts of the United States, for any act under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(3).

**DISCUSSION**

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999)(*per curium*)(quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

It is well settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id., at 11-12. All of the allegations against Judge Trager arise out of his issuance of an order granting summary judgment to defendants in plaintiff's lawsuit against her former employer, which was without question a judicial act undertaken within his judicial capacity. Plaintiff's conclusory, unsubstantiated assertion that Judge Trager caused the publication of the order and that such publication was done "unofficially and privately and without privilege" (Complaint ¶ 22) is insufficient to overcome immunity. Accordingly, all of plaintiff's claims against Judge Trager must be dismissed as frivolous. See Montero, 171 F.3d at 760.

## **CONCLUSION**

For the reasons stated above, plaintiff's complaint is dismissed in its entirety. The Clerk of the Court is directed to close the file maintained in this matter.

SO ORDERED.

Dated: Brooklyn, New York
January 10, 2008

/s/
_____
DORA L. IRIZARRY
United States District Judge